| | |
|---|---|
| | |

<pre>
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA
</pre>

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY, NORTHERN INSURANCE COMPANY, and STEADFAST INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | No. 2:14-cv-00060-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendant Ironshore Specialty Insurance Company's ("Defendant") Motion for Reconsideration (ECF No. 50) of its Motion for Summary Judgment (ECF No. 20) as to the sixty-first through sixty-third causes of action. Alternatively, Defendant moves for relief from the Pretrial Scheduling Order (ECF No. 14) and renewal of its Motion for Summary Judgment (ECF No. 20). Plaintiffs American Zurich Insurance Company, Northern Insurance Company, and Steadfast Insurance Company (collectively referred to as "Plaintiffs") filed a document titled Response to Motion for Reconsideration, responding to Defendant's motion. (ECF No. 51.) For the reasons discussed below, Defendant's Motion for Reconsideration is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Both parties are aware of the factual background as discussed in the Court's previous Order (ECF No. 46), and said factual background is adopted herein. In summary, the instant action is an insurance coverage matter in which Defendant disclaimed coverage in connection with twenty-one separate court cases regarding defective construction. Plaintiffs alleged sixty-three causes of action against Defendant, which represent a count for declaratory relief, equitable contribution, and equitable indemnity as to each of the twenty-one court cases. (Second Am. Compl. ("SAC"), ECF No. 10.)

Defendant moved for summary judgment as to all sixty-three counts. (Def's P&A in Supp. of Mot. for Summ. J., ECF No. 20-1.) Plaintiffs moved for partial summary judgment as to Defendant's duty to defend for causes of action Nos. 1, 4, 7, 10, 13, 16, 19, 25, 28, 31, 34, 37, 40, 43, 46, 49, 52, 55, 58, and 61. (Pls' Mot. for Summ. J., ECF No. 26.) In its Order on October 31, 2016 (ECF No. 46), the Court denied Plaintiffs' motion and granted Defendant's motion with respect to all but Plaintiffs' sixty-first through sixty-third causes of action.

The Court denied Defendant's motion as to Plaintiffs' sixty-first through sixty-third causes of action because it was not in receipt of the First Amended Complaint ("FAC") that corresponded to the case at issue in counts sixty-one through sixty-three. Without the operative complaint, the Court could not determine whether Plaintiffs alleged any facts to dispute Defendant's assertion that it had no duty to defend. In an effort to correct its inadvertence, Defendant provided the FAC[1] (Def's Req. for Jud. Notice, Ex. 1, ECF No. 50-2) and moves the Court to reconsider the denial of Defendant's Motion for Summary Judgment as to Plaintiffs' remaining causes of action. The Court first addresses Defendant's Motion for Reconsideration. The Court then addresses the effect of reconsideration on Defendant's Motion for Summary Judgment.

---

[1] Defendant requests the Court take judicial notice of the FAC for the case *Morataya v. Lennar Renaissance, Inc.* ("Morataya"). (Req. for Jud. Notice, Ex. 1, ECF No. 50-2.) Under Federal Rule of Evidence 201, a court can take judicial notice of a document when the subject "can be accurately and readily determined from the sources whose accuracy cannot reasonably be questioned." For the reasons stated in Defendant's request and noting no opposition by Plaintiffs to said request, the Court GRANTS Defendant's request, and takes judicial notice of the attached exhibit pursuant to Federal Rule of Evidence 201 (Ex. 1, ECF No. 50-2).

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

The Court is authorized to reconsider its Order under its inherent power and Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"). *See* Fed. R. Civ. P. 54(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). With respect to non-final orders, such as an order granting in part and denying in part a defendant's motion for summary judgment, the Ninth Circuit has recognized that "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Santa Monica Baykeeper*, 254 F.3d at 885 (internal quotation marks omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id.* at 887.

In addition to the inherent power to modify a non-final order, Rule 54(b) authorizes a district court to revise a non-final order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in the controlling law. *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000).

### B. Analysis

Defendant contends that reconsideration is the most efficient manner to resolve the remaining issues now that the Court is in receipt of the FAC. (Def's Mot. to Recon., ECF No. 50 at 1–2.) Notably, Plaintiffs do not oppose reconsideration. In fact, Plaintiffs agree that the Court has the power to reconsider interlocutory orders. (Pls' Response to Def's Mot. to Recon., ECF No. 51 at 2.) Plaintiffs instead respond to Defendant's Motion for Reconsideration by preemptively reviving the same arguments used to oppose Defendant's Motion for Summary Judgment. (ECF No. 51 at 2–6.)

Defendant states that its previous failure to attach the FAC was due to inadvertence of its counsel. (ECF No. 50-2 ¶ 3.) Thus, the present case is similar to *Gridley v. Cleveland Pneumatic Company*, 127 F.R.D. 102 (M.D. Pa. 1989). In *Gridley*, a district court granted a motion for

summary judgment brought by one of the defendants. *Id.* at 103. Later, a pamphlet for the insurance policy at issue was discovered that defined a material term of the contract. *Id.* The plaintiffs and remaining defendants moved the court to reconsider its grant of summary judgment, stating that the definition from the pamphlet would change the summary judgment analysis. *Id.* The court agreed. *Id.* at 106. It granted the motion for reconsideration and vacated its grant of summary judgment because 1) the pamphlet materially changed the analysis, 2) the failure to provide the pamphlet sooner was the result of mistake, inadvertence, or excusable neglect, and 3) reconsideration would not unfairly prejudice the nonmoving party. *Id.*

Like *Gridley*, the FAC materially changes the summary judgment analysis in the present case because it gives the Court a complete view of Plaintiffs' allegations. Furthermore, Defendant states its initial failure to attach the FAC was inadvertent. Plaintiffs do not contest this argument. Therefore, the Court finds Defendant's failure to attach the FAC to be inadvertent. Finally, reconsideration of the denial of summary judgment will not unfairly prejudice the Plaintiffs, especially considering that Plaintiffs do not oppose the Motion for Reconsideration directly and instead recycle arguments to oppose Defendant's Motion for Summary Judgment. It is well within this Court's inherent powers and Rule 54(b) to reconsider its denial of summary judgment under these circumstances. Thus, the Court will reconsider its previous Order (ECF No. 46).

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). To establish the existence of a factual dispute, the opposing party is required to tender evidence of specific facts in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, and all

reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). To demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

B. Facts of the Underlying Case

Plaintiffs' sixty-first through sixty-third causes of action stem from a claim that defective construction by Sherman Loehr, a custom tile company insured by Defendant, caused a fire in the Morataya home on December 22, 2010. (ECF No. 50-2 ¶ 7.) The plaintiff alleged "on December 22, 2010, the residential structure which was designed, built, developed, and sold by Defendants . . . was the subject of a significant structure fire, the genesis of which was a defectively designed and constructed chimney." (ECF No. 50-2 ¶ 7.)

The Morataya home was completed in 2001. (Not. of Completion, Ex. 152, ECF No. 21-28 at 58). Sherman Loehr's insurance policy with Defendant was effective from October 31, 2009 through October 31, 2010. (ECF No. 21-3). The policy contained a Continuous or Progressive Injury Exclusion ("CP Exclusion"), which states in relevant part,

> This insurance does not apply to any . . . "property damage":
>
> 1. which first existed, or is alleged to have first existed, prior to the inception of this policy. "Property damage" from "your work" . . . performed prior to policy inception will be deemed to have first existed prior to the policy inception, unless such "property damage" is sudden and accidental. ("CP Exclusion 1")
>
> 2. Which was, or is alleged to have been, in the process of taking place prior to the inception date of this policy, even if such . . . "property damage" continued during this policy period. . . ("CP Exclusion 2")

///
///
///
///

C.     Analysis

Defendant asserts that it had no duty to defend because Sherman Loehr completed work on the Morataya home prior to the policy inception. (ECF No. 20-1 at 15–17.) Defendant also argues that the fire in the home, allegedly a result of the defective construction, occurred after the expiration of the policy. (ECF No. 20-1 at 17–18.) Plaintiff contends that sudden or accidental damages to Morataya's home could have occurred during the policy period, and thus, Defendant has a duty to defend. (ECF No. 26 at 11–13.)

To determine whether an insurer owes a duty to defend, a court compares the allegations of the complaint with the terms of the policy. *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993). Just like the other cases already disposed of in this litigation, the Morataya home was completed in 2001, prior to the inception date of Sherman Loehr's policy in 2009. Thus, the defective construction existed prior to the inception of the insurance policy and is excluded by CP Exclusions 1 and 2. Furthermore, any damage related to the fire is excluded because the fire occurred after the expiration of the policy. The Plaintiffs did not allege any facts to suggest the damage was the result of a sudden or accidental occurrence during the policy period. Just as they did with the previous cases, Plaintiffs argue that the homeowner's claims were "silent pleadings." (ECF No. 26 at 12.) Again, this Court finds no merit in Plaintiffs' claims. As the Court noted, the homeowner pled with specificity that the damage complained of was caused by alleged construction defects that pre-existed the policy. The Court finds that Defendant compared the allegations of the complaint with the terms of the policy and reasonably determined it did not owe a duty to defend as is required under the law. Therefore, this Court's original Order (ECF No. 46) is VACATED only as to the Court's finding for Plaintiffs' sixty-first through sixty-third causes of action. Defendant's Motion for Summary Judgment as to Plaintiffs' sixty-first through sixty-third causes of action is now GRANTED.

**IV.   CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendant's Motion for Reconsideration is hereby GRANTED;

2. This Court's Order denying Defendant's Motion for Summary Judgment as to Plaintiffs' sixty-first through sixty-third causes of action is hereby VACATED; and
3. Defendant's Motion for Summary Judgment as to Plaintiffs' sixty-first through sixty-third causes of action is hereby GRANTED.
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: September 10, 2018

Troy L. Nunley
United States District Judge